UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOE L. SMITH

             Plaintiff,

                                       Case No. 2:23-cv-12823

v.

                                       Hon. Brandy R. McMillion
SECRETARY OF THE U.S.             United States District Judge
DEPARTMENT OF EDUCATION,

             Defendant.

_____/

**OPINION AND ORDER GRANTING
DEFENDANT'S MOTION TO DISMISS (ECF NO. 6)**

Plaintiff Joe L. Smith ("Smith") brought this action against the Secretary of the United States Department of Education ("the Secretary") seeking release from a student loan secured by a master promissory note entered in 2008. Smith alleges discharge is warranted due to identity theft. *See generally* ECF No. 5. The Secretary now moves to dismiss this suit under Federal Rule of Civil Procedure 12(b)(1) and (6). *See* ECF No. 6. Having read the briefs, the Court finds that oral argument is unnecessary. E.D. Mich. L.R. 7.1(f)(2). Because the Court finds Smith fails to meet the jurisdictional requirements for this case to proceed and further fails to state a claim upon which relief can be granted, the Court **GRANTS** the motion and orders that the case be **DISMISSED**.

1

## I.

Smith executed a federal PLUS loan on behalf of his stepson, Christopher Godfrey ("Godfrey"), on June 21, 2006 ("Valid PLUS Loan"), to pay for college related expenses. ECF No. 5-1, PageID.128. Smith and his wife Deborah Smith ("Deborah") both signed the note jointly. Smith acknowledges signing the initial master promissory note ("MPN") in his "own hand." *Id.* On March 31, 2008, a second federal PLUS loan ("Invalid PLUS Loan") was taken out for Godfrey's educational expenses. *Id.* Smith alleges he did not take out this loan nor authorize anyone to take it out, and was not informed by Deborah, Godfrey, or anyone else that the 2008 loan was taken out in his name. *Id.* at PageID.128-129. He instead alleges that it was secured by identity theft. *Id.*

In 2013, Smith began receiving demands for payment on the loans from loan servicer Nelnet Servicing, LLC ("Nelnet"). *See id.* at PageID.129. Unbeknownst to him, Smith made payments associated with both loans. *Id.* In late June 2018, Smith realized there were in fact two separate loans and began to "question the existence" of the 2008 loan. *Id.* He made a request for Nelnet to provide him with the application for the Invalid PLUS Loan. *Id.* After Nelnet provide him with the application, Smith informed the Secretary the loan was executed based on "identity theft" and requested to be released from the Invalid PLUS Loan. *Id.* Smith filed an application with Nelnet to be discharged from the loan obligation. *See id.* at

2

PageID.171. Through Nelnet, the Secretary requested that Smith sign a "Certification/Agreement of Cooperation for Identity Theft Claims." *See* ECF No. 5-1, PageID.172. In the agreement, the Secretary requested that Smith provide:

    (1) a court judgment in his favor finding that he was the victim of identity theft and the names of the individuals who committed the crime;

    (2) a written statement that describes how the identity theft relates specifically to his student loan payment; [and]

    (3) a clear copy of a valid government issued photo identification card.

*See id*.

On September 12, 2019, Nelnet informed Smith that, after review, "the loan(s) serviced in [his] name were not the result of identity theft." ECF No. 5-12, PageID.197. The letter states: "The debt is supported by a signed promissory note. In addition, the debt was acknowledged by making payments. Therefore, the loan(s) serviced in your name have been validated." *Id*. As a result, on August 29, 2023, Smith filed a complaint against the Secretary of the United States Department of Education in Wayne County Circuit Court (Case No. 23-011104-CK). ECF No.1-1, PageID.5. A default judgement was entered by the state court on October 31, 2023. ECF No. 4, PageID.121. The default judgement was set aside when the Secretary removed this action to this Court. *Id*. Smith filed an Amended Complaint in this Court requesting that the Invalid PLUS Loan be discharged or reformed to strike him as an obligor. ECF No. 5-1, PageID.134. The Secretary has filed the

3

instant Motion to Dismiss challenging the Court's subject-matter jurisdiction, or in the alternative, arguing that Smith fails to state a claim upon which relief can be granted. ECF No. 6.

## II.

When considering a motion to dismiss under Rule 12(b)(1) or Rule 12(b)(6), courts "construe the complaint in the light most favorable to the plaintiff, accepting all well-pleaded factual allegations as true." *Parrino v. Prince*, 869 F.3d 392, 397 (6th Cir. 2017). The standard of review for a 12(b)(1) motion to dismiss for lack of subject-matter jurisdiction depends on whether the defendant makes a factual or facial challenge to subject-matter jurisdiction. *See L.C. v. United States*, 83 F.4th 534, 542 (6th Cir. 2023). A factual attack challenges the jurisdictional facts set forth in the complaint, and thus forces the district court to "weigh the conflicting evidence to arrive at the factual predicate that subject-matter [jurisdiction] does or does not exist." *Id.* A facial attack on subject-matter jurisdiction, by contrast, does not challenge the factual allegations, but challenges the jurisdictional sufficiency of the complaint given those facts. *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990).

In reviewing a 12(b)(6) motion, the Court "accept[s] all of the complaint's factual allegations as true and determine[s] whether these facts sufficiently state a plausible claim for relief." *Fouts v. Warren City Council*, 97 F.4th 459, 464 (6th

4

Cir. 2024) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)). Facial plausibility requires a plaintiff to "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *16630 Southfield Ltd., P'ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 504 (6th Cir. 2013). Ultimately, the inquiry merely tests "whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true." *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993).

Typically, courts must assess the sufficiency of the complaint "without resort to matters outside the pleadings." *Gavitt v. Born*, 835 F.3d 623, 640 (6th Cir. 2016) (citation omitted). If such materials are considered, the court generally must treat the motion to dismiss as one for summary judgment. *Id.* (citation omitted). Yet, when reviewing a 12(b)(6) motion, the Court can consider "exhibits attached to the complaint, public records, items appearing in the record of the case, and exhibits attached to [the] defendant's motion to dismiss, so long as they are referred to in the

5

complaint and are central to the claims contained therein," without converting the motion to dismiss to one for summary judgment.[1] *Id.* (citations omitted).

### III.

The Higher Education Act ("HEA") authorized the Department of Education to issue loans and grants for higher education related expenses. *See* 20 U.S.C. § 1078-2. Congress included a provision for the discharge of certain loans issued upon a finding of fraud or falsified information. *See* 20 U.S.C. § 1087(c)(1); 34 C.F.R. §§ 682.402, 685.215. Central to the motion pending before the Court is where and how a borrower can lodge student loan challenges. As to the "where," the Secretary argues that the government is entitled to sovereign immunity from any suit in any court absent an express waiver of immunity, thus divesting this Court of subject-matter jurisdiction. Given that, the Secretary argues, as to the "how," that the only possible way Smith could challenge his obligation under the loan would be pursuant to the Administrative Procedures Act, which gives this Court jurisdiction to review final agency action.

The Court will address each of these issues in turn.

---

[1] The Court did not consider materials outside the pleadings (other than those permitted), so it does not treat this as a motion for summary judgment. *See Gavitt*, 835 F.3d at 640.

## A. WAIVER OF IMMUNITY

The Secretary asserts, pursuant to Rule 12(b)(1), that Smith's claim for declaratory relief is barred by sovereign immunity because Congress has not expressly waived immunity. ECF No. 6, PageID.212-213. Smith, in response, alleges the Court has jurisdiction under 20 U.S.C. § 1082(a)(2), which provides for the Secretary to "sue and be sued in any court of record of a State having general jurisdiction or in any district court of the United States…" and by virtue of the terms of the Master Promissory Note for the loan. *See* ECF No. 7, PageID.232; *see also* ECF No. 5-1, PageID.126.

Federal courts are courts of "limited jurisdiction" and only possess the power authorized by the Constitution and federal statutes and may not be expanded upon by judicial decree. *See United States v. Lucido*, 612 F.3d 871, 873 (6th Cir. 2010) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). The United States, as a sovereign, and its agencies acting in their official capacity are immune from suit without an expressed waiver of immunity. *See Morgan v. Bd. of Prof. Resp. of the Sup. Ct. of Tenn.*, 63 F.4th 510, 515 (6th Cir. 2023). Sovereign immunity bars suits for injunctive, declaratory and monetary relief. *Id.* The plaintiff bears the burden to establish the existence of a waiver for the Court to have subject-matter jurisdiction over the case. *See Westfield v. Fed. Republic of Germany*, 633

F.3d 409, 413 (6th Cir. 2011). Without the waiver, the claim must be dismissed. *See Reetz v. United States*, 224 F.3d 794, 795 (6th Cir. 2000).

A plain reading of Smith's jurisdictional statement would lead one to think that this Court has jurisdiction under the Higher Education Act to determine his claims – the Secretary can sue "or be sued in any court of record of a State having general jurisdiction." *See* ECF No. 5-1, PageID.126; *see also* 20 U.S.C. § 1082(a)(2). However, the jurisdictional statement does not end there. The remaining part of § 1082(a)(2) states "but no attachment, **injunction**, garnishment, or other similar process, mesne or final, shall be issued against the Secretary or property under the Secretary's control…" *Id*. (emphasis added).

Despite Smith's arguments to the contrary, his request that the Invalid PLUS Loan be discharged or reformed to strike him as an obligor is a request for declaratory/injunctive relief. Essentially, Smith is asking the Court to stop the Secretary from pursuing him as an obligor of the loan. And while courts have held that a plaintiff may obtain declaratory relief under the Higher Education Act in certain cases, *see Thomas v. Bennett*, 856 F.2d 1165, 1168 (8th Cir. 1988), courts have also held that plaintiffs may not obtain declaratory relief that functions as injunctive relief by another name. *See Carlson v. Educ. Credit Mgmt. Corp. Shared Servs. Co., LLC*, No. 19-cv-2699, 2020 WL 6106267, at *2 (D. Minn. Jun. 11, 2020) (citing *Carr v. DeVos*, 369 F.Supp.3d 554, 560 (S.D.N.Y. 2019)). Asking for the

loan to be discharged or reformed to strike Smith as obligor functions as injunctive relief against the government that is barred by sovereign immunity.

Smith also argues that the terms of the Master Promissory Note for the loan confers jurisdiction on this Court because the note states in the "Governing Law" provision that the terms shall be "interpreted by 11 U.S.C. 1070 and applicable state law for certain borrower rights, remedies and defenses in addition to those stated in the MPN" and that suit shall be in the "County" of the State in which the [alleged] "borrower lives." ECF No. 5-1, PageID.126. However, as the Secretary argues, any waiver of immunity must be done by Congress through statute, not by the agency directly. *See S. Rehab. Grp., P.L.L.C. v. Sec'y of Health & Hum. Servs.*, 732 F.3d 670, 676 (6th Cir. 2013) (citing *United States v. Idaho ex rel. Dir., Idaho Dept. of Water Res.*, 508 U.S. 1, 6 (1993)). Therefore, jurisdictional statements in the Master Promissory Note, drafted by the agency, cannot serve as a waiver to sovereign immunity.

Because Smith seeks declaratory/injunctive relief, absent a statutory waiver of immunity by Congress, his claim for discharge is barred under the Higher Education Act. It is not enough that the Master Promissory Note contains jurisdictional statements because an agency cannot waive sovereign immunity. Therefore, the Court finds that Smith cannot establish that the Court has subject-jurisdiction to hear his claims.

## B. RELIEF UNDER THE APA

While Smith does not plead a claim under the Administrative Procedures Act ("APA"), 5 U.S.C. § 551 *et. seq.*, the Secretary argues this is the only possible avenue that the Court could consider his claims. The APA contains a limited waiver of sovereign immunity for review of final agency action. *See* 5 U.S.C. § 704. Nonetheless, the Secretary argues that Smith fails to state a claim under the APA and dismissal would be proper pursuant to Rule 12(b)(6).

Under the APA, courts may set aside an agency determination only if it is deemed "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law." *Sierra Club v. Slater*, 120 F.3d 623, 632 (6th Cir. 1997) (citing *Marsh v. Or. Nat. Res. Council*, 490 U.S. 360, 375 (1989)); *see also* 5 U.S.C. § 706(2)(A) & (D). A court evaluating the substance of an agency action may not substitute its judgment for that of the agency and should vacate a challenged regulation only if it "had no rational basis or involved a clear and prejudicial violation of applicable statutes or regulations." *Chambers of Com. of United States v. SEC,* No. 23-5409, 2024 WL 4132206, at *5 (6th Cir. Sept. 10, 2024) (*quoting Dep't of Homeland Sec. v. Regents of the Univ. of Cal.*, 591 U.S. 1, 16 (2020)). An agency decision rises to the level of being arbitrary and capricious if "the agency fails to examine the relevant evidence or articulate a satisfactory explanation for the decision." *See Bangura v.*

*Hansen*, 434 F.3d 487, 502 (6th Cir. 2006) (*citing Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 42-43 (1983)).

Here, the Court does not have the entire administrative record before it to offer an opinion on whether the Secretary's decision was arbitrary, capricious, or an abuse of discretion under the law. However, the Court does find that Smith failed to properly present a claim for discharge based on identity theft and therefore any potential APA claims should be dismissed.

Smith and the Secretary both agree that 34 C.F.R. § 682.402(e) and § 685.215 instruct the Secretary to discharge loan obligations for unauthorized signatures on loan applications due to identity theft. *See* ECF No. 5-1, PageID.133. Section 682.402(e) states that borrowers may obtain false-certification discharges of student loans by proving forgery – that the signatures on their loan documents are unauthorized. 34 C.F.R. § 682.402(e)(3)(V); *see also Castagnola v. Educ. Credit Mgmt. Corp.*, No. 2:11-cv-688, 2013 WL 3288165, at *3 (S.D. Ohio June 28, 2013). Under the Secretary's false-certification discharge rule, "a [borrower] must: (1) certify that he "did not sign the promissory note, or that any other means of identification used to obtain the loan was used without [his] . . . . authorization"; (2) certify that he "did not receive or benefit from the proceeds of the loan with knowledge that the loan had been made without [his] . . . . authorization"; **_and_** (3) "[p]rovide a copy of a local, State, or Federal court verdict or judgment that

11

conclusively determines that . . . . the borrower of the loan was the victim of a crime of identity theft by a perpetrator named in the verdict or judgment." *Castagnola v. Educ. Credit Mgmt. Corp.*, No. 14-3061, 2014 WL12819298, at *2 (6th Cir. Sept. 2, 2014) (emphasis added).

When Smith filed his claim for discharge based on identity theft, he provided the Secretary with the following: (1) Certification/Agreement of Cooperation for Identity Theft Claims, (2) Borrower Affidavit of Forgery, (3) Police Report, (4) signature specimens on checking account, (5) Plaintiff's Driver License, (6) Plaintiff's Retiree Benefit Payment Stub, (7) a copy of Medical Records of Plaintiff's decedent's spouse, and (8) Plaintiff's previously submitted notarized statement disputing the debt. *See* ECF No. 5-1, PageID.131. However, Smith did not obtain or provide "a copy of a local, State, or Federal court verdict or judgment" that proved he was a victim of identity theft. Smith alleges that all those documents should have provided enough evidentiary support, but the Court disagrees. The law is clear that Smith must first obtain a verdict or judgment from a Court. Smith's own affidavit and police reports are not sufficient.

Smith argues that the Secretary precluded him from obtaining such a judgment by removing this action from state court to this Court. ECF No. 7, PageID.231-232. The Court also disagrees with this assessment. The statute requires Smith to pursue Godfrey in his claims of identity theft, not the loan servicer or the Department of

12

Education.  The verdict or judgment proves that "the borrower of the loan was the victim of a crime of identity theft ***by a perpetrator named in the verdict or judgment***."  *Castagnola*, 2014 WL12819298, at *2 (emphasis added).  "To qualify for discharge based on identity theft, there must be '[an] unauthorized use of the identifying information of another individual that is punishable under 18 U.S.C. 1028, 1029, or 1030, or a substantially comparable State or Local law."  *See* 34 C.F.R. § 682.402(e)(14)(i).  Therefore, Smith was required to first pursue his claims against Godfrey before proceeding to seek discharge from the government.  Smith does not name Godfrey in the state court action.  Consequently, Smith fails to overcome the procedural hurdle for seeking discharge of his obligation under the loan.

Having not obtained a judgment or verdict against Godfrey, Smith cannot show that the Secretary "failed to articulate a satisfactory explanation for its action" based on a rational connection.  *See* ECF No. 5-1, PageID.132.  However, because Smith has not technically raised an APA claim before this Court and obtaining a verdict or judgment of identity theft could be sufficient for the Secretary to determine discharge would be appropriate, the Court will dismiss Smith's claims without prejudice to obtain the judgment/verdict and proceed in the agency as appropriate.

## IV.

Smith has not met his burden to establish subject-matter jurisdiction without a waiver of immunity. His request for declaratory/injunctive relief bars his claims under the HEA. Additionally, the Master Promissory Note is insufficient to waive immunity and therefore the Court lacks jurisdiction to proceed on Smith's claims. Even considering Smith's claims under the APA, he failed to allege sufficient facts to support a claim. Specifically, he failed to obtain a judgment or decree that would allow this Court to determine whether the Secretary's denial of his request for discharge was proper.

Accordingly, the Secretary's Motion to Dismiss (ECF No. 6) is **GRANTED**. Plaintiff's claims under the Higher Education Act are **DISMISSED WITH PREJUDICE** as the Court lacks subject-matter jurisdiction. Any potential APA claims are **DISMISSED WITHOUT PREJUDICE**, so that Smith can first pursue a verdict or judgment establishing identity theft and proceed with agency action, if he so desires.

**IT IS SO ORDERED.**

Dated: September 18, 2024　　　　　　　　s/Brandy R. McMillion
　　　Detroit, Michigan　　　　　　　　　　BRANDY R. MCMILLION
　　　　　　　　　　　　　　　　　　　　　United States District Judge